UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DALE VAUGHN, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>V.<br><br>WINGO SERVICE COMPANY, INC.,<br><br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. : 4:20-cv-3915<br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**COLLECTIVE ACTION & JURY DEMAND**

1. Defendant Wingo Service Company, Inc. ("Defendant") required Dale Vaughn ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers throughout the United States as exempt from overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant's conduct violates the FLSA, which requires that non-exempt employees be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

**SUBJECT MATTER JURISDICTION AND VENUE**

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

4. Venue is proper in this District because a Defendant's headquarters is in this District, because Defendant does a sizeable portion of its business in this District, and many of the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Dale Vaughn is an individual residing in Montgomery County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

6. The FLSA Class Members are all current and former technicians, and all employees in substantially similar positions, that worked at any time during the three-year period before the filing of this Complaint.

7. Defendant Wingo Service Company, Inc. is a company organized under the laws of Texas. Defendant may be served process through its registered agent Edgar Wingo at 11173 Cox Road, Conroe, Texas 77385 or where ever he may be found.

8. Defendant is headquartered in Conroe, Texas.

## COVERAGE

9. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

11. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

12. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

13. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

14. Defendant Wingo Service Company, Inc. is a full service industrial and electrical services company.

15. Defendant's primary operates in Texas and Louisiana.

16. Defendant's business includes the installation, calibration, start-up, and maintenance of electrical equipment across a range of industries including refineries, water treatment facilities, and pipelines.

17. Plaintiff worked for Defendant as a technician from 2006 until 2020.

18. Plaintiff worked for Defendant primarily in the Houston, Texas area.

19. Defendant classified Plaintiff as an employee.

20. As a technician, Plaintiff was for traveling to Defendant's customer's locations and installing and maintaining electrical equipment.

21. Defendant employs approximately 60 other technicians that perform essentially the same work as Plaintiff.

22. Defendant paid Plaintiff on an hourly basis but did not pay Plaintiff overtime.

23. Instead of paying overtime, Defendant paid Plaintiff the same hourly rate for his overtime and non-overtime hours alike.  In other words, Defendant paid Plaintiff straight time for overtime.

24. Defendant accomplished this underpayment by directing Plaintiff to record any hours worked over 40 in a week as "travel" hours instead of "regular" working hours on his timesheets.

25. Handling Plaintiff's hours in this manner allowed Defendant to issue lower invoices to its customers by not passing on the expense of paying Plaintiff for his overtime.

26. Plaintiff commonly worked an extensive amount of overtime. He frequently worked a weekly schedule in excess of 60 hours.

27. Other technicians worked for Defendant under the same straight time for overtime compensation system as Plaintiff.

28. All technicians have the same basic job duties in that the work of a technician involves traveling to a customer's jobsite and installing or maintaining electrical equipment.

29. Plaintiff and other technicians commonly work in excess of 12 hours each day.

30. Technicians usually work five to six days each week, for a schedule that equates into workweeks well exceeding 40 hours.

31. No exemption in the FLSA shelters Defendant from paying overtime to its technicians.

32. Technicians like Plaintiff are not guaranteed a set number of days to work per week.

33. Technicians like Plaintiff are not guaranteed a set weekly payment.

34. Technicians are paid on an hourly basis, not on a salary basis.

35. Plaintiff was paid on an hourly basis, not on a salary basis.

36. Plaintiff was not paid time-and-a-half for all hours worked over forty in a given workweek.

37. Plaintiff worked overtime as defined in the FLSA.

38. Other technicians employed by Defendant worked overtime as defined in the FLSA.

39. Because technicians are paid on an hourly rate basis, the executive, administrative, or professional exemptions cannot apply. *See* 29 C.F.R. §§ 541.100, 541.200, 541.300.

40. Technicians do not supervise other employees or manage a customarily recognized department of Defendant's company.

41. Technicians have no authority to hire or fire other employees.

42. Technicians are field employees, not office employees. They perform work related to Defendant's core business, not the management of the company's operations.

43. Technicians also perform extensive physical labor to perform their work.

44. The primary duty of an technicians does not require independent judgment or discretion. Instead, technicians are required to carry out their inspections according to detailed step-by-step procedures promulgated by Defendant or Defendant's customers.

45. Technicians are not computer-systems analysts, computer programmers, software engineers, or other similar employees.

46. Despite these facts, Defendant misclassified its technicians as exempt from overtime pay.

47. As a result of Defendant's pay policies, Plaintiff and other technicians were denied overtime pay.

48. Defendant knew or showed reckless disregard for whether Plaintiff and the other technicians were entitled to overtime pay under the law.

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

49. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

50. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

51. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

53. Plaintiff has actual knowledge that FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's misclassification of its employees.

54. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant.

55. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

56. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

57. Defendant misclassified and continues to misclassify FLSA Class Members as exempt employees.

58. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

59. Plaintiff had the same job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

60. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

61. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

62. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member.

63. Defendant employed at least 60 other technicians within the last 3 years who were paid straight time for overtime.

64. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the FLSA Class Members.

65. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

66. All technicians employed by Defendant in the last three years were paid straight time for overtime.

67. All technicians employed by Defendant in the last three years were classified as exempt from overtime by Defendant.

68. Plaintiff was classified as exempt from overtime by Defendant.

69. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

70. Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

71. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former technicians, and all employees with substantially similar duties, who worked for Defendant at any time during the three-year period before the filing of this Complaint to present.

## JURY DEMAND

72. Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

73. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all technicians and all similarly situated employees to permit them to join this action by filing a written notice of consent;

   b. A judgment against Defendant awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees and costs;

   d. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Sosa-Morris Neuman, PLLC

By: *Beatriz Sosa-Morris*
Beatriz Sosa-Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive

8

        Houston, Texas 77005
        Telephone: (281) 885-8844
        Facsimile: (281) 885-8813

        ATTORNEY IN CHARGE FOR PLAINTIFF

Of Counsel:
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813