Case 4:20-cv-03915   Document 25   Filed on 08/05/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
August 05, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DALE VAUGHN, on behalf of himself and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-3915 |
| **WINGO SERVICE COMPANY, INC.,** | § § § | |
| **Defendant.** | § § | |

## MEMORANDUM AND RECOMMENDATION

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., lawsuit. Pending before the Court[1] is Plaintiff's Motion for Partial Summary Judgment. (Dkt. No. 13.) Plaintiff argues that the Court should grant his Motion because he was not properly compensated for overtime hours worked at his job. Defendant Wingo Service Company, Inc. ("Defendant" or "Wingo") argues that they paid Plaintiff as a salaried employee and are thus exempt from paying Plaintiff overtime under the FLSA's executive exemption. (Dkt. No. 14.) The Court agrees with Plaintiff. Although there is a question of fact as to whether Plaintiff was employed in an hourly or salaried position, even if he was salaried, the compensation he received was not reasonably related to his actual pay such that he is exempted from the FLSA's overtime pay requirements. Based on a thorough review of the motions, arguments, and relevant law, the Court **RECOMMENDS** the Motion for Partial Summary Judgment of Defendant's Exemption Defense be **GRANTED**.

---

[1] This case was referred to the Undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure ("Rule") 72. (*See* Dkt. No. 17.)

I. BACKGROUND

Plaintiff filed suit alleging Defendant failed to properly compensate him for overtime and misclassified his employment status as being exempt from overtime pay under the FLSA. (Dkt. No. 1 ¶ 1.) Plaintiff worked for Defendant Wingo Service Company, Inc. as an electrical technician, and later as a manager, from 2000–2020. (Dkt. No. 13 at 3; Dkt. No. 14 at 3.) Throughout this time, he was paid on an hourly basis (Dkt. No. 1 ¶ 22) and alleges that he often worked 60+ hours per week. (*See* Dkt. No. 1 ¶¶ 29–30.) In response, Defendant argues that Plaintiff was exempt from overtime pay under FLSA because he was employed as an executive employee pursuant to 29 C.F.R. § 541.100. (Dkt. No. 8 ¶¶ 74–76.)

Plaintiff is seeking partial summary judgment as to the defense that he was exempt from overtime pay because he was employed as an executive employee and paid a salary. (Dkt. No. 13 at 1.) Defendant argues that Plaintiff was paid on a salary basis because "[Plaintiff] was guaranteed 40 [hours of work per week] if that's what he wanted. If he wanted to work less than that, he was welcome to do that at his choice." (Dkt. No. 13 at 6, citing Exhibit 1, at 58:1–21.) Defendant further argues that Plaintiff's employment was akin to a salary because he was guaranteed pay, albeit on an hourly basis, for forty hours per week. (Dkt. No. 14 at 8.) In contrast, Plaintiff asserts that Defendant's argument is meritless because Plaintiff was exclusively paid on an hourly basis and never guaranteed a specific number of hours. Moreover, even if he was, Defendant cannot establish that his alleged guaranteed pay was reasonably related to his actual pay, as is required by the operative regulation. (Dkt. No. 16.) For the reasons that follow, the Court agrees with Plaintiff.

II. LEGAL STANDARDS

    A. **Summary Judgment**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue . . . [and] if the movant meets this initial burden, the burden shifts to the nonmovant to demonstrate with 'significant probative evidence' that there is an issue of material fact so as to warrant a trial." *Clarendon Am. Ins. Co. v. Bay, Inc.*, 10 F. Supp. 2d 736, 740 (S.D. Tex. 1998). However, the "facts are to be reviewed with all inferences drawn in favor of the party opposing the motion." *Id.* at 739—40. "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014).

### III.   ANALYSIS

#### A. Exemptions under FLSA

The FLSA established a standardized 40-hour workweek by requiring employers to pay "time and a half" for any additional hours worked beyond 40 in a week. *See* 29 U.S.C. § 207(a). Congress then authorized the Secretary of Labor ("Secretary") to create regulations exempting "bona fide executive, administrative, [and] professional" employees from overtime. 29 U.S.C. § 213(a)(1). Pursuant to that authority, the Secretary exempted some highly compensated executive, administrative, and professional employees. *See* 29 C.F.R. §§ 541.100, 541.200, 541.300, 541.601. In this case, Defendant claims that Plaintiff is exempted as an executive employee under 541.100. As recently explained by the en banc Fifth Circuit, to fall within this exemption three conditions must be met:

> First, the employee must meet certain criteria concerning the performance of executive, administrative, and professional duties. Second, the employee must meet certain minimum income thresholds. Finally, the employee must be paid on a "salary basis." And although the duties criteria and income thresholds vary from exemption to exemption, the regulations apply the same salary-basis requirement to all four exemptions.

*Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289, 290–91 (5th Cir. 2021). Here, the parties disagree over the application of the salary-basis test.

### B. The Salary Basis Test

Under the highly compensated and learned professional exemptions, a prospective exempt employee must be paid on a salary basis as defined by 29 C.F.R. § 541.602. *See* 29 C.F.R. § 541.100(b) (executive employee exemption). In *Hewitt*, the Fifth Circuit explained that FLSA regulations generally define "salary as compensation paid 'on a weekly, or less frequent basis,' 'without regard to the number of days or hours worked.'" 15 F.4th at 291 (quoting 29 C.F.R. § 541.602(a)(1)). However, the understanding of "salary" described in *Hewitt* is modified by 29 C.F.R. § 541.604 when an employee's compensation is allegedly composed of a salary but includes additional compensation, as Defendant argues is the case here. *See* § 541.604 (explaining that an employee can lose an exemption if the employer provides a minimum guaranteed salary plus additional compensation). *See also* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2018-25, 2018 WL 5925115 (Nov. 8, 2018) (applying § 541.604 when an employee was paid a guaranteed weekly salary, plus an hourly rate for hours worked beyond the salaried hours used to calculate the employee's guaranteed weekly salary). Further, per 29 C.F.R. § 541.604(a), "[a]n employer may provide an exempt employee with additional compensation without losing [an] exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." The regulation goes on to state:

> Similarly, the exemption is not lost if an exempt employee who is guaranteed at least $684 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek. Such additional compensation may be paid on any basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off.

*Id.* Although not expressly cited in Defendant's brief, this portion of § 541.604(a), which only requires a minimum weekly guarantee, arguably applies to this case. But application of section (a) is qualified by 541.604(b). 29 C.F.R. § 541.604(b). Under § 541.604(b),

> An exempt employee's earnings may be computed on an hourly, a daily or a shift basis, without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, and a reasonable relationship exists between the guaranteed amount and the amount actually earned.

Per the holding in *Hewitt*, under 541.604(b), an employee "can be exempt from overtime— but only 'if' two conditions are met: the minimum weekly guarantee condition and the reasonable relationship condition." 15 F.4th at 291. As such, failure to satisfy the reasonable-relationship test requires the court to find that an employee who would otherwise fit within the exception is not exempted.

Regulation § 541.604(a) applies when an employee receives a guaranteed minimum weekly salary but "also receives additional compensation based on hours worked [] beyond the normal workweek." Although § 541.604(a) goes on to explain that additional compensation "may be paid on any basis," including hourly, the plain language makes clear that the employer may only do so for hours worked beyond the normal workweek. *See, e.g.,* U.S. Dep't of Labor, Wage & Hour Div., Opinion Letter FLSA2020-2, 2020 WL 122924 at *3–4 (Jan. 7, 2020) (explaining that § 541.604(a) applies when an employee was "already paid on a bona fide salary basis" but his "additional compensation... [was] paid for additional work beyond the normal workweek.").

Section 541.604(b) includes different requirements. It requires that the "employee's earnings . . . be computed on an hourly, a daily or a shift basis," and expressly states, "[t]he reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis." 29 C.F.R. § 541.604(b). Here, both parties agree that Plaintiff was paid on an hourly basis. (Dkt. No. 13 at 1; Dkt. No. 14 at 8.) However, Defendant argues even though Plaintiff was paid on an hourly basis, his pay was akin to a salary because he was given a "guaranteed 40 [hours of work] if that's what he wanted." *Exhibit A* at 58:14. Edgar Wingo, owner of Defendant's company, made this statement during his deposition and it is the only evidence Defendant presents that Plaintiff was paid on a salary basis. Although it is arguably weak evidence for finding that Plaintiff was paid on a salaried basis, this statement does create a genuine material fact dispute as to whether Plaintiff was a salaried employee. However, the Court need not deny partial summary judgment on this basis because Defendant also must prove that "a reasonable relationship exists between the guaranteed amount and the amount actually earned." 29 C.F.R. § 541.604(b). For the sake of the reasonable-relationship test analysis, the Court assumes without deciding that Plaintiff was paid based on a weekly guaranteed salary.

### C. The Reasonable-Relationship Test

Under § 541.604(b), a reasonable relationship must exist between an employee's guaranteed weekly salary and an employee's actual earned pay. The regulation states that "[t]he reasonable relationship test will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings . . . for the employee's normal scheduled workweek." 29 C.F.R. § 541.604(b). In applying this test, the Department of Labor "compares the exempt employee's actual earnings to his/her guaranteed weekly salary." *Sonnier v. Recon Mgmt. Servs. Inc.*, No. 2:20-CV-00002, 2022 WL 141779, at *6 (W.D. La. Jan. 14, 2022). A ratio at or near 1.5-to-1 of actual

earnings to guaranteed weekly salary is generally required to satisfy the reasonable-relationship test. *Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-CV-00320, 2022 WL 658768, at *6 (S.D. Tex. Mar. 4, 2022).

Here, Defendant cannot prove that the ratio of actual earnings to guaranteed weekly salary is at or near 1.5-to-1. Thus, Plaintiff's actual pay is not reasonably related to his alleged guaranteed salary.

Defendant admits to several important facts. Defendant states that in "2018, only fourteen weeks out of the year displayed a ratio greater than or equal to 1.7-to-1." (Dkt. No. 14 at 11.) He further argues, "out of those fourteen weeks, only ten weeks out of the year revealed a ratio greater than or equal to 1.8-to-1." (*Id.*) He also argues that "[in] 2019, only twelve weeks out of the year displayed a ratio greater than or equal to 1.7-to-1." (*Id.*) Moreover, "out of those twelve weeks, only 8 weeks out of the year revealed a ratio greater than or equal to 1.8-to-1." (*Id.*) These admissions are material for multiple reasons. First, Defendant, without any explanation, made his own determination that the relevant ratio for the reasonable-relationship test should be 1.7:1, rather than the proper 1.5:1 ratio. As Plaintiff points out, Defendant does not provide any argument as to why disaggregating based on that ratio is relevant as a matter of law. Therefore, the Court finds Defendant's argument unavailing. An actual pay ratio of 1.7:1, which Defendant admits is what Plaintiff was paid for a considerable part of the time period in question, is materially above the proper 1.5:1 ratio and thus fails under the reasonable-relationship test.

Second, as Plaintiff showed in his reply, Defendant's calculation regarding the number of weeks Plaintiff's pay was above the 1.7:1 ratio was incorrect because each of the 'weeks' Defendant emphasizes were actually based on a pay period of two weeks. Therefore, in 2018, the pay ratio likely eclipsed 1.7:1 in 28 weeks (not 14) and in 2019, the pay ratio likely eclipsed 1.7:1

in 24 weeks (not 12). (*See* Dkt. No. 16 at 8.) This, along with the fact that the ratio spiked to above 2:1 in eleven of the pay periods (or 22 weeks) from November 2017—December 2019, leads the Court to find that Plaintiff's actual pay was not reasonably related to the alleged guaranteed salary he was promised by Defendant. (See Dkt. No. 13 at 7–9.)

In response to the Table[2] showing Plaintiff's actual pay and the ratio of his actual pay to his alleged guaranteed pay, Defendant argues that Plaintiff's records are "inaccurate or grossly inflated" and that his "time sheets are suspect." (Dkt. No. 14 at 12.) Defendant also alleges that "[t]he only alternative explanation for Plaintiff's anarchic recording of his time would be far more sinister – that he knew his timesheets would not be questioned and decided to bill his time to projects based on the project's budget availability in order to earn extra money." (Dkt. No. 14 at 5.) These are serious allegations, but they are made without any evidence. In refuting Defendant's allegations, Plaintiff cites to Defendant's President's own statements that all timesheets had to be approved by two different management level employees. (Dkt. No. 16 at 9–10.) With this evidence in mind, the Court finds Defendant's allegations unpersuasive and improper for consideration. Courts may only consider admissible evidence on summary judgment. *United Health Prods. v. Animal Health Int'l, Inc.*, No. 4:20-CV-788, 2021 WL 930682, at *3 (S.D. Tex. Mar. 11, 2021) (citing Fed. R. Civ. P. 56(c)(1)). As such, the Court must disregard Defendant's allegations because they are made without any corroborating evidence.

FLSA "exemptions are construed narrowly against the employer and the employer has the burden of proving that an employee is exempt." *See Tyler v. Union Oil Co. of California*, 304 F.3d 379, 402 (5th Cir. 2002). Defendant cannot prove that there was a reasonable relationship between

---

[2] (*See* Dkt. No. 13 at 7–9.)

Plaintiff's alleged guaranteed salary and his actual pay. Defendant has not met its burden of proof that Plaintiff is exempted from the requirements of the FLSA.

### IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 13) be **GRANTED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on August 4, 2022.

Sam S. Sheldon
United States Magistrate Judge