UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE VAUGHN, on behalf of himself and on behalf of all others similarly situated, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-cv-03915 |
| WINGO SERVICE COMPANY, INC., | § § | |
| *Defendant*. | § § § | |

### **PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

Plaintiff Dale Vaughn files this Motion for Entry of Judgment and would respectfully show the Court the following:

### I.   INTRODUCTION

Plaintiff Dale Vaughn filed this lawsuit against Defendant Wingo Service Company, Inc. on November 17, 2020 (Doc. 1). Plaintiff's lawsuit culminated in a jury verdict in his favor following a two-day trial held on November 8 and 9, 2022. At the close of that trial, the jury returned a verdict finding Defendant willfully violated the Fair Labor Standards Act ("FLSA"). This finding makes Defendant liable for all of Plaintiff's damages accruing during the period beginning November 17, 2017 (i.e., the three year period before he filed his suit) until the end of his employment. Furthermore, because the jury returned a finding of willfulness, the award of liquidated damages in an amount equal to Plaintiff's unpaid overtime is automatic. Plaintiff now respectfully requests the Court enter judgment in his favor awarding $39,153 in unpaid overtime and $39,153 in liquidated damages.

1

Plaintiff has conferred with Defendant and Defendant agrees that $39,153 is the correct amount for unpaid wages. However, Defendant opposes Plaintiff's request that the Court award liquidated damages in an equal amount.

## II.     ARGUMENTS AND AUTHORITIES

### A. Defendant owes Plaintiff $39,153 in unpaid overtime.

The Parties agreed that the Court should address the issue of damages. Because the jury found that Defendant willfully violated the FLSA, the statute of limitations applicable to Plaintiff's claims in this case is three years from the date he filed suit. *See* 29 U.S.C. § 255. Plaintiff filed this action on November 17, 2020 and his employment ended on September 25, 2020 (Joint Trial Exhibit 13, at 39). Accordingly, he is owed damages for all unpaid overtime from November 17, 2017 to September 25, 2020. Plaintiff and Defendant agree the damages from November 17, 2017 through the end of his employment **equals $39,153** in unpaid overtime.

The three-year damage number is calculated pursuant to 29 C.F.R. § 778.110. This calculation takes Plaintiff's regular rate and divides it by two to calculate the "overtime premium." In weeks when Plaintiff worked over forty hours (regardless of whether those hours were classified as "regular" time or "travel" time) and was paid a straight time rate for those hours over forty, Plaintiff is owed the "overtime premium" times his overtime hours. The Parties agree on this methodology and the result of the calculation.

This amount accounts for an offset for the double time premium pay that Plaintiff received, but only in the week that he received it pursuant to *Singer v. City of Waco,* 324 F.3d 813(5th Cir. 2003). The model Plaintiff submitted with his response to Defendant's damage brief (Doc. 43-1) and attached hereto as Exhibit 1 is true and accurate and reflects the agreed to overtime damages of $39,153.

**B. Liquidated damages are mandatory because of the willful jury finding.**

In a case for unpaid overtime under the FLSA, the standard measure of damages is the amount of unpaid overtime and an equal amount in liquidated damages (*i.e.,* double damages). *See* 29 U.S.C. § 216(b). An employer can appeal to the Court's discretion to reduce or eliminate liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in ***good faith*** and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260 (emphasis added). The defendant in a FLSA case bears the "substantial burden" to prove a good faith defense to liquidated damages. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). Under Fifth Circuit precedent, when a jury returns a verdict that an employer **willfully violated the FLSA**, as in this case, the award of full liquidated damages **is mandatory**. Liquidated damages are mandatory when the jury returns a finding of willfulness because a finding of willfulness necessarily means the employer "could not show it acted in good faith." *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003); *see also Black v. Settlepou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that SettlePou had acted willfully in violating the FLSA, SettlePou cannot show that it acted in good faith. Therefore, a liquidated damages award is warranted."); *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999) (noting that when an employer does not act in good faith "it would have been an abuse of discretion if the district court had *not* awarded liquidated damages"); *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 809 (N.D. Tex. 2015); *Smith v. Metro Sec.,* No. 18-953, 2019 U.S. Dist. LEXIS 128467, at *18 (E.D. La. July 29, 2019) **("Where a jury finds that an employer's violation of the FLSA was willful, the employer cannot show that it acted in good faith, and the court must award liquidated damages.").**

The jury in the trial of this case returned a verdict finding Defendant **willfully** violated the FLSA. This makes liquidated damages mandatory, and the Court should award Plaintiff $39,153 in liquidated damages in addition to his unpaid overtime of $39,153. Defendant simply cannot meet its burden to establish good faith because the jury returned a finding of willfulness.

### III.   CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that the Court enter judgment in his favor awarding $39,153 in unpaid overtime and $39,153 in liquidated damages, along with attorneys' fees and costs.

Respectfully submitted,

Sosa-Morris Neuman, PLLC

By: *Beatriz Sosa-Morris*

Beatriz Sosa-Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF

Of Counsel:
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

## **CERTIFICATE OF SERVICE**

I certify that this motion was filed through the Southern District of Texas CM/ECF system on November 21, 2022 which will serve a copy on all counsel of record by electronic mail.

                                               */s/ John Neuman*
                                               John Neuman

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for Defendant about the subject matter of this motion. Defendant agrees that $39,153 is the correct calculation of unpaid overtime under the jury verdict. Defendant opposes Plaintiff's request for liquidated damages.

                                               */s/ John Neuman*
                                               John Neuman