United States District Court
Southern District of Texas
**ENTERED**
December 21, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE VAUGHN, on behalf of himself and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-03915 |
| WINGO SERVICE COMPANY, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Pending before the Court is Plaintiff Dale Vaughn's ("Vaughn" or "Plaintiff") Motion for Entry of Judgment. (Doc. No. 52). Plaintiff also filed a Notice of Non-Opposition, regarding the Motion for Entry of Judgment. Defendant Wingo Service Company, Inc.'s ("Wingo" or "Defendant") filed a Response in Opposition to Plaintiff's motions. (Doc. No. 55). Having considered the motions and the law, the Court hereby **GRANTS** Plaintiff's Motion for Entry of Judgment. (Doc. No. 52).

For reasons outlined in a separate order, the Court denied Defendant's Motion for Judgment as a Matter of Law. (Doc. No. 54). That said, a question remains—how much unpaid overtime and liquidated damages is Vaughn entitled to recover? In Vaughn's Motion for Entry of Judgment, he claims that he is entitled to $39,153 in unpaid overtime as well as $39,153 in liquidated damages, along with attorneys' fees and costs. (Doc. No. 52 at 4). Wingo does not disagree with Vaughn's calculations. (Doc. No. 55 at 1) (Wingo stated that, "if the finding of willfulness stands, [Wingo] cannot, in good faith, argue to the contrary" regarding Vaughn's damages). Per the agreement of the parties, the Court finds that Wingo owes Vaughn $39,153 in unpaid overtime.

Similarly, the parties agree that Vaughn is entitled to liquidated damages. Under the Fair Labor Standards Act ("FLSA"), an employer who violates the overtime provision is liable for the unpaid overtime compensation as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages were once mandatory, but now a district court can decline to award such damages (or reduce the amount) "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. That said, a finding of willfulness negates an employer's ability to act in good faith. *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822 (5th Cir. 2003) ("In this case, the jury found the City's actions to be willful. As a result, the City could not show that it acted in good faith"); *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) ("Because the jury found that SettlePou had acted willfully in violating the FLSA, SettlePou cannot show that it acted in good faith. Therefore, a liquidated damages award is warranted."). Since the jury found that Wingo acted willfully, the parties agree that Vaughn is entitled to liquidated damages in the amount of $39,153.

In conclusion, the Court **GRANTS** Plaintiff's Motion for Entry of Judgment. (Doc. No. 52). The Court enters judgment in the amount of $39,153 for unpaid overtime and an additional $39,153 for liquidated damages.

Signed at Houston, Texas, this 21st day of December, 2022.

Andrew S. Hanen
United States District Judge