UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DALE VAUGHN, on behalf of himself and on behalf of all others similarly situated, § § § § § § § § § § § § | | |
| *Plaintiff*, | | |
| v. | § | CIVIL ACTION NO. 4:20-cv-03915 |
| WINGO SERVICE COMPANY, INC., | | |
| *Defendant*. | | |

**PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS**

Plaintiff Dale Vaughn files this Motion for Approval of Attorneys' Fees and Costs and would respectfully show the Court the following:

## I.     INTRODUCTION

On December 21, 2022, the Court entered final judgment in this matter in favor of Plaintiff Dale Vaughn. That judgment awarded Plaintiff $39,153 in unpaid overtime and an equal amount in liquidated damages. This judgment represents 100% of what Plaintiff and Defendant both agree Plaintiff could have possibly recovered in this case. To obtain this outstanding result for Plaintiff, Plaintiff's counsel expended a significant amount of time, including communication with Plaintiff to assist in every aspect of this case, drafting the Complaint, written and oral discovery, drafting and replying to a successful motion for summary judgment, engaging in other motion practice, taking Defendant's deposition, engaging in formal mediation, preparing for trial, trying the case, and prevailing on a motion for judgment as a matter of law. The result obtained by Plaintiff at trial is squarely related to the amount of time and money that Plaintiff's counsel invested in the prosecution of his case.

1

Under the FLSA, as a prevailing party, Plaintiff is entitled to recover his attorneys' fees and costs. 29 U.S.C. § 216(b). Based on their lodestar, Plaintiff's counsel is entitled to recover $168,750 in attorneys' fees. Based on the actual expenses incurred in this case, Plaintiff is entitled to recover $2,732.90 in costs.

## II.     ARGUMENTS AND AUTHORITIES

### A. Prevailing Plaintiffs in FLSA cases are entitled to reasonable attorneys' fees and costs.

Prevailing plaintiffs in FLSA are entitled to their reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); *Steele v. Leasing Enters, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) ("Although the district court has discretion to determine what is reasonable, the court does not have discretion to decline to award attorney's fees to a prevailing [plaintiff] without making such a determination"). A Plaintiff seeking fees has the burden of demonstrating the reasonableness of the fees that they seek. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Courts in the Fifth Circuit use the "lodestar" method to calculate attorneys' fees to be entered post-trial, i.e. "multiplying the hours an attorney reasonably spent on the case by an appropriate hourly rate." *Id.* (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). As a result, plaintiffs must demonstrate that (1) the billing rate sought by their attorneys is in line with the market rate in the community for such work; and (2) that their attorneys exercised billing judgement. *Id.* (citing *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

Thereafter, courts apply the "Johnson factors" to determine whether counsel's performance requires an upward or downward adjustment. *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment

by the attorney due to acceptance of the case; (5) the customary fee [for similar work in the community]; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

However, "[t]here is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)). Here, Plaintiff's reasonable billing rate times hours worked (after the exercise of billing judgment) is equal to $168,750.

### 1. The rates sought by counsel in this case are reasonable.

This case was prosecuted by two partner level attorneys with hourly billing rates of $500. Both attorneys for Plaintiff have in excess of 10 years of experience predominately handling FLSA cases, as provided in the attached declarations (Exhibit B and C).

"[T]rial courts are considered experts as to the reasonableness of attorney's fees." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). "When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed." *Xic v. Randall Team Ltd.,* No. 3:17-CV-137, 2018 U.S. Dist. LEXIS 190718, 2018 WL 5831953, at *1 (S.D. Tex. Nov. 6, 2018) (citing *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995)). "Courts in and around Houston have found hourly rates between $200 and $600 to be reasonable after considering the experience of the lawyer, the reputation of the firm, and the complexity of the case." *Rose v. BCE Tech. Corp.,* No. 4:12-CV-1621, 2014 U.S. Dist. LEXIS 44695, at *8-9 (S.D. Tex. Mar. 28, 2014).

A review of recent similar cases from this District demonstrates that the rates sought by Plaintiff's counsel here are more than reasonable:

- *Valdepena v. Nuestro Sagardo Corazon Primary Home CARE Inc.*, No. 5:19-CV-94, 2022 U.S. Dist. LEXIS 192863, at *5-6 (S.D. Tex. Sep. 15, 2022) (approving rates of $500 per hour)

- *Carranza v. Cirlos*, No. 2:18-cv-419, 2020 U.S. Dist. LEXIS 147902, at *2-3 (S.D. Tex. May 11, 2020) ($500 hourly rate is reasonable)

  *Novick v. Shipcom Wireless, Inc.,* No. 4:16-CV-00730, 2018 U.S. Dist. LEXIS 198446, at *7 (S.D. Tex. Nov. 21, 2018) (approving a $500 hourly rate for work on an FLSA case)

- *Rouse v. Target Corp.,* 181 F. Supp. 3d 379, 385 (S.D. Tex. 2016) (finding that "500 per hour is a reasonable hourly rate" for work on an FLSA case).

- *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III),* Case No. 4:11-md-2266 [Docs. 233-4, 239] (approving a $550 hourly rate)

- *Vela v. M&G USA Corporation*, 2020 U.S. Dist. LEXIS 12649, at *4 (S.D. Tex. Jan. 27, 2020) (approving rates of both $450 and $500 an hour for wage and hour matter)

- *Miller v. Raytheon Co.,* 716 F.3d 138, 149 (5th Cir. 2013) (upholding that "hourly rates of $577.50, $542.50, and $280 were reasonable, customary rates" in an ADEA case)

Additionally, the 2013 National Law Journal survey of U.S. law firm's billing rates also establishes that Sosa-Morris Neuman, PLLC's rates are reasonable. As described in the almost 10 year old survey attached hereto as Exhibit A, Texas firms charge rates comparable to Sosa-Morris Neuman, PLLC, averaging from $655 for partners and $417 for associates. *See also*, *Novick v. Shipcom Wireless, Inc.*, Case No. 4:16-cv-00730 [Doc. 98-1, pg. 2-3] (declaration of local FLSA attorney Edwin Sullivan declaring that "Generally, the customary and reasonable fee charged for federal court work in U.S. District Courts in Texas is $225 to $700 per hour (and higher)…")

As the attached declaration from counsel demonstrates, Plaintiff's counsel's skill and experience in FLSA cases justifies their requested rates. Exhibits B and C. Accordingly, counsel's

4

request for legal fees in the base amount of $168,750 is reasonable. This total is based on an hourly rate routinely found reasonable by other courts in this district for attorneys of similar experience in similar cases.

### 2. Plaintiff's counsel executed billing judgment.

Attached hereto as Exhibit 1 to Plaintiff's counsel's declaration is Plaintiff's counsel's billing timesheet which was contemporaneously kept during this litigation. Therein, Plaintiff's counsel has redlined multiple entries for work performed in this case that was duplicated or minor. Plaintiff also estimates that approximately 20 hours of work are not documented as it consists of meetings or calls between counsel regarding trial strategy. Approximately, $2,550 of attorney's fees have been redlined in this matter. Accordingly, Plaintiff has executed billing judgment and Plaintiff's lodestar amount should be granted.

### B. The excellent results achieved in this case would merit an upward enhancement based on the *Johnson* factors.

Once the Court has determined the appropriate lodestar, it considers the *Johnson* factors to determine if an upward or downward adjustment is merited. To enhance a lodestar, the court "must explain with a reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the Johnson factors was applied." *Carroll Sanderson Farms, Inc.*, No. CIV.A. H-10-3108, 2014 WL 549380, at *10 (S.D. Tex. Feb. 11, 2014) (citing *Shipes v. Trinity Indus.*, 987 F.2d 311, 321 (5th Cir. 1993)). "Of the Johnson factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Id.* (citing *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998)). **Plaintiff does not request an upward adjustment based on the Johnson factors**; however, if the Court did find the hourly rate or the hours submitted exceed the precedent in this District, an analysis of the Johnson factors would

5

counsel toward the application of a modest multiplier, especially considering the results achieved and novel issues in this case.

 1. **The time and labor required in this case was substantial.**

The time and labor that counsel spent in prosecution of this case was extensive. The Parties engaged in written and oral discovery, the deposition of Defendant's corporate representative, an unsuccessful mediation, extensive briefing on summary judgment, pretrial preparation, trial, and post-trial briefing. The case was fully litigated from the filing of the Complaint through trial and post-trial briefings. Although it is a defendant's prerogative to vigorously defend, as the Supreme Court stated in *City of Riverside v. Rivera*: "'The [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response.'" 477 U.S. 561, 580 n.11 (1986) (quoting *Copeland v. Marshall*, 641 F.2d 880, 904 (1980) (en banc)). *See also, e.g., Lipsett v. Blanco*, 975 F.2d 934, 939 (1st Cir. 1992) ("There is a corollary to the duty to defend to the utmost -- the duty to take care to resolve litigation on terms that are, overall, the most favorable to a lawyer's client. [. . .] When attorneys blindly pursue the former, their chosen course of action may sometimes prove to be at the expense of the latter."); *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 663 (5th Cir. 2002) ("The reasonableness of the time Green's counsel spent working on this litigation could best be determined by referencing the litigation strategy employed by Tulane."). Throughout the pendency of this case, Plaintiff made repeated overtures to settle but was rebuffed each time. When a defendant refuses to engage in settlement discussions and requires the extensive time and labor necessary to prepare a case for trial, it is a natural consequence that a significant amount of attorneys' fees will follow. Indeed, a significant portion of the total fees accrued in this matter occurred in the lead up to trial. This factor weighs in favor of a multiplier.

**2. The case required significant skill to prosecute correctly.**

Wage and hour actions require a higher degree of preparation and skill to litigate than other cases. Cases involving the complicated regulatory framework applicable to the FLSA are difficult to litigate successfully, are extremely time-consuming and expensive making them unpopular with attorneys. Most FLSA cases are tried by specialized practitioners who do not handle other types of work.

In particular, this case involved the application and interaction of several regulations to the FLSA, and the key legal issues in this case involved distinguishing several out of circuit cases. The legal analysis and briefing involved in this case was more substantial and difficult than most other FLSA cases.

As the Court is aware, the vast majority of FLSA cases settle and settle early. This case was different. Defendant's commitment to defend this case until the end resulted in Plaintiff's successful summary judgment, Plaintiff's success at trial, and Plaintiff's success on the motion for judgment as a matter of law. It is rare for plaintiffs to succeed at all on summary judgment motions and it is rare for FLSA case to proceed all the way through trial. Plaintiff's counsel's skill brought Plaintiff every cent he was entitled to recover. This factor weighs in favor of a multiplier.

**3. The time spent on this case precluded counsel from taking other cases.**

Counsel and staff have expended 352 hours on this case over a period slightly exceeding two years. The time and effort required of counsel and staff in this case necessarily precluded other employment. Plaintiff's counsel are a two-attorney firm and are selective in the cases they can take. Taking on representation in this matter, precluded Plaintiff's counsel from taking on additional cases. This factor weighs in favor of a multiplier.

**4. Counsel represented Plaintiff on a contingency fee basis, therefore there was no guarantee of payment.**

7

Courts routinely find multipliers appropriate in FLSA cases, such as this, where plaintiffs' counsel works on a contingency-fee basis. *See, e.g., Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (stating "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases."); *Murillo v. Pac. Gas & Elec. Co.*, No. 2:08-1974 WBS GGH, 2010 WL 2889728, at *12 (E.D. Cal. July 21, 2010) (awarding 1.5 lodestar multiplier in FLSA case taken on a contingent fee basis that involved complex issues in calculating the overtime wages owed). Plaintiff's counsel represented Plaintiff without any compensation for a little over two years. This factor weighs in favor of a multiplier.

### 5. This case involved novel and difficult questions of law.

While Plaintiff maintained throughout this litigation that this case was a typical straight time for overtime case, Defendant believed its payment structure could be construed as a salary under 29 C.F.R. § 541.604. Under Defendant's theory, its hourly basis compensation system could pass as a regulatory "salary" if an employer guarantees a set amount and there is a reasonable relationship between the guarantee and the total compensation the employee actually receives. As this case was pending, the Fifth Circuit examined the application of 29 C.F.R. § 541.604 in the context of a day rate paid employee. *See Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289 (5th Cir. 2021). The Fifth Circuit found in favor of the employee. *Id*. Given that Defendant's theory of exemption was deflated during the course of this litigation, this matter involved a novel question of law. This factor weighs in favor of a multiplier.

### 6. This was an undesirable FLSA case.

While FLSA cases can be straightforward, this case was complicated by the novelty of the legal issues surrounding Plaintiff's non-exempt status alleged by Defendant. As discussed above, Plaintiff litigated this case prior to the Fifth Circuit's decision regarding the applicability of 29

C.F.R. § 541.604. Had the Fifth Circuit decided *Hewitt* differently, this case would have been more complex. Given that the petition for *en banc* rehearing in *Hewitt* was pending before this case was filed, it is likely a number of firms would have passed on Plaintiff's case given the liability issues tied up in *Hewitt*. This factor weighs in favor of a multiplier.

7. **Plaintiff obtained a result that could not have been achieved without excellent counsel.**

The most important factor in the analysis of the Johnson test is the result obtained by counsel. Through Plaintiff's counsel's legal research, oral arguments to the Court, trial preparation, and trial strategy, Plaintiff received all of his due and owing overtime wages, and liquidated damages. It cannot be overstated that Plaintiff attained an excellent result due to his counsel's unflinching prosecution of this case through judgment. The Fifth Circuit considers this the most important factor in determining whether an upward adjustment in attorneys' fees is merited. *Black*, 732 F.3d at 503. This factor and all other factors weigh in favor of a multiplier. Nevertheless, Plaintiffs' counsel does not seek a multiplier even in light of the excellent result.

C. **Plaintiff is entitled to recover costs from Defendant.**

Under the language of the FLSA, a prevailing plaintiff is entitled to recover the "costs of the action." 29 U.S.C. 216(b).

Generally, a plaintiffs may only recover costs taxable under section 1920. The "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Medical Center v. The New England PPO Plan of General Consolidation Management inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotation marks omitted).

> Broadly, under 28 U.S.C. § 1920, taxable court costs include:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

9

> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Plaintiff seeks to recover costs for the filing fee, the costs of the deposition taken for this case, and for printing costs. The clerk charged Plaintiff a $400 filing fee at the initiation of this case. Plaintiff also paid for the deposition transcript of Edgar Wingo, which was necessary for Plaintiff's summary judgment motion and trial preparation. That transcript costs $1,617.90. Plaintiff also expended $715 in copying and printing costs, primarily for printing multiple copies of the trial exhibits.

In total, Plaintiff seeks to recover $2,732.90 in costs.

### III. CONCLUSION

Pursuant to 29 U.S.C. § 216(b), as a prevailing party, Plaintiff is entitled to recover his attorney's fees and costs. The attorney's fees and cost incurred by Plaintiff in this matter are reasonable. Plaintiff has provided the Court with detailed documentation of the fees incurred and shown how the hourly rates charged by their counsel are reasonable and comparable to other attorneys of their experience in Houston, Texas with regards to employment-related matters. Moreover, Plaintiff's counsel has exercised billing judgment and even though counsel meets the criteria for an upward adjustment based on the *Johnson* factors, they do not request one at this time. Accordingly, Plaintiff request that the Court enter a judgment in the amount of $168,750 for attorneys' fees and $2,732.90 for costs and any other relief Plaintiff may be entitled to.

Respectfully submitted,

Sosa-Morris Neuman, PLLC

By:  *Beatriz Sosa-Morris*

Beatriz Sosa-Morris
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF

Of Counsel:
John Neuman
JNeuman@smnlawfirm.com
Texas State Bar No. 24083560
SOSA-MORRIS NEUMAN, PLLC
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8630
Facsimile: (281) 885-8813

## **CERTIFICATE OF SERVICE**

I certify that this motion was filed through the Southern District of Texas CM/ECF system on January 4, 2023 which will serve a copy on all counsel of record by electronic mail.

                                              */s/ John Neuman*
                                              John Neuman

## **CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for Defendant about the relief sought in this motion. Defendant is opposed.

                                              */s/ John Neuman*
                                              John Neuman