United States District Court
Southern District of Texas
**ENTERED**
February 22, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DALE VAUGHN,<br>*Plaintiff*, | §<br>§<br>§ |
| v. | § CIVIL ACTION NO. 4:20-CV-03915 |
| | §<br>§ |
| WINGO SERVICE COMPANY, INC.,<br>*Defendant*. | §<br>§ |

## ORDER

Pending before the Court are Plaintiff Dale Vaughn's Motion for Approval of Attorneys' Fees and Costs (Doc. No. 60), Defendant Wingo Service Company Inc.'s response in opposition (Doc. No. 61), and Plaintiff's reply (Doc. No. 62).

### I.   Attorneys' Fees

The Plaintiff, in addition to the billing records and affidavits of his counsel, has attached, in support of his attorneys' fees request, a compilation of attorneys' fee rate requests in labor and employment cases as an exemplar of the fees charged in this area. (Doc. No. 60, Ex. A). An award of attorneys' fees is based upon the reasonable and necessary costs of providing quality representation to one's clients. None of these exemplars control the issues before the Court. Moreover, under most circumstances a fee application (while guided by well-established standards) is still case specific, and generalizations such as the ones suggested by the Plaintiff herein, while perhaps informative, are far from dispositive.

That being said, the parties' analysis of the law controlling the award of attorneys' fees is accurate. A court calculates the "lodestar" by multiplying the hours reasonably spent by an appropriate hourly rate that is reasonable in the community. (Here, Defendant contests both the hours and the rate). Next, a court applies the factors set out in *Johnson v. Georgia Highway Exp.*,

*Inc.*, 488 F.2d 714 (5th Cir. 1974). These factors are used to determine if the lodestar rate should be increased or decreased or fixed as is, and they include:

> (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 717–19. To the extent these factors are duplicative of the lodestar factors, they are not counted twice.

Initially, the Court considers the rate. Plaintiff's counsel has sworn that they represented Plaintiff on a contingency fee basis and thus incurred the risk of not getting paid at all. Plaintiff claims, based upon the experience and training of his lawyers as well as their secondary evidence concerning other rates and fee awards, that the applicable billing rate should be $500 per hour. This figure is also supported by affidavits from both counsel of record. The Court has considered this evidence and the arguments both for and against this figure. The Court rejects that figure and finds that a lower figure of $450 per hour is eminently reasonable.

The next lodestar factor is the hours spent. Despite operating on a contingent fee basis, Plaintiff's counsel kept contemporaneous time records. Plus, they have reviewed these records and deleted ("redlined") certain entries. They also claim that certain strategy sessions (amounting to approximately 20 hours) have not been included. Plaintiff seeks compensation for 337.5 hours after certain billing entries were deleted. While the Court still finds some of the hours billed to be excessive (and has made the appropriate adjustments), it also finds Defendant's general objections to lack merit. Plaintiff's counsel has provided specific and cogent billing records that accurately follow the progress of the case and reflect the work done, the date the work was performed, and

provide a description of each task and the time that was spent on each task. The Court finds that, overall, these records comply with the dictates set out by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983).

Despite overruling Defendant's global objections, the Court has found merit with some of the more specific objections to certain time entries. Consequently, it sustains in-part and overrules in-part Defendant's objections to those claims. More specifically, Defendant claims that even the records now before the Court contain various shortcomings, including billing for administrative tasks and duplicative or excessive billing. That being said, this Court hereby sustains Defendant's objections to 15.1 hours, which leaves (after counsels' already calculated reductions and the Court's reduction) the total acceptable billing time to be 322.4 hours. In conclusion, the Court finds the appropriate lodestar billing rate to be $450 per hour and the number of hours to be 322.4.

Having determined the lodestar figures, the Court proceeds to consider the *Johnson* factors. The Court finds that the *Johnson* factors do not impact the ultimate fee calculation. The Court finds that while Plaintiff's counsel performed professionally and effectively, the case presented no novel or unusual difficulties to overcome, and the skill required was only that of a seasoned trial professional. The Court has taken factors one (time and labor required), four (preclusion of other employment), five (customary fees in the community), and six (nature of the fee agreement) in its determination of the lodestar factors used in the above lodestar analysis. The Court finds none of the following factors (time limitations imposed by the client; amount involved and ultimate result; experience, reputation, and ability of the attorney; the undesirability of the case; the nature and length of the attorney/client relationships; and similar awards) to be compelling. Finally, the Court finds that *Johnson* factor eight does not compel an adjustment. Therefore, the Court finds no reason to adjust the fees in question in either an upward or downward direction based on those factors.

Therefore, the Court finds the applicable fee to be $450 per hour and the hours to be 322.4. Based upon this analysis, the Court awards attorneys' fees in the amount of $145,080.00. The Plaintiff has also made a supplement fee request in his reply so as to cover the time and work expended in addressing the fee issues. Plaintiff seeks $500 per hour for 16.9 hours of work, which totals $8,450. The Court finds, once again, that the billing rate should be reduced to $450 per hour. The Court also finds some of the billing to be excessive. Nevertheless, the Plaintiff has reduced his overall request from $8,450 to $4,750. The Court finds this adjustment more than covers any adjustment the Court would make. Therefore, it approves this request as well. This sum is hereby added to the fees awarded above, making the total attorneys' fees award $149,830.

## II. Costs

Plaintiff requests a total of $2,732.90 in various costs. These include filing fees, deposition costs, and copying and printing costs. Before ruling on the objections, the Court must determine what types of costs are recoverable under the FLSA. Under the language of the statute, a prevailing plaintiff is entitled to recover the "costs of the action." 29 U.S.C. § 216(b). The Fifth Circuit has not yet decided whether this language permits the prevailing FLSA plaintiff to recover all out-of-pocket costs, or only those taxable under 28 U.S.C. § 1920.

The Court finds Plaintiff may only recover costs taxable under 28 U.S.C. § 1920. The "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotation marks omitted). While many district courts within the Fifth Circuit have held that the language in the FLSA permits recovery beyond the costs articulated in section 1920, only two federal circuit courts have held the opposite. *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th

Cir. 1997); *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).[1] The Court agrees with these two appellate courts, as it does not find explicit statutory authorization to award costs beyond those articulated in section 1920.

Broadly, under 28 U.S.C. § 1920, taxable court costs include:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

With these limitations in mind, the Court finds all of Plaintiff's costs to be recoverable.

Therefore, considering the applicable law, the Court finds that Plaintiff is entitled to $2,732.90 in taxable costs.

### III. Conclusion

The Court awards attorneys' fees in the amount of $149,830.00 and court costs in the amount of $2,732.90. Said amounts will be included in the final judgment. The Plaintiff is to file a proposed final judgment within 10 days of this order. Defendant's counsel is to approve such order before it is filed, but is allowed to approve the proposed judgment "in form only."

SIGNED at Houston, Texas this 22nd day of February, 2023.

Andrew S. Hanen
United States District Judge

---

[1] *But see, e.g., Avila v. A Healthy Living Home Health Inc.*, 2018 WL 2323280, at *3 (S.D. Tex. March 2, 2018); *Dobson v. Timeless Restaurants, Inc.*, 2017 WL 1330164, at *7 (N.D. Tex. Apr. 11, 2017); *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 629–30 (W.D. Tex. 2015); *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 392 (S.D. Tex. 2016); *Mancia v. JJ Chan Food, Inc.*, 2016 WL 4468092, at *4 (N.D. Tex. June 21, 2016); *Castro v. Precision Demolition LLC*, 2017 WL 6381742, at *10 (N.D. Tex. Dec. 14, 2017).